UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

| | |
|---|---|
| MARIAELENA REYES | CIVIL ACTION |
| Plaintiff | 16 Civ. |
| VS. | **COMPLAINT** |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC. | |
| Defendant | |

---------------------------------------------------------------X

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**NATURE OF ACTION**

1. The plaintiff brings this Federal Employers' Liability Act action against the defendant for injuries suffered by her while in the employ of the defendant Railroad. 45 U.S.C. 51 *et seq.*

**JURISDICTION**

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51. Venue of this action in the District of New Jersey is proper because the defendant New Jersey Transit Rail Operations is headquartered within the District and the plaintiff is employed by the defendant. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

**PARTIES**

3. The plaintiff is of Dingman Ferry, Pennsylvania.

4. The defendant, New Jersey Transit Rail Operations (NJ Transit), is a railroad corporation duly established by law, and is headquartered in Newark, New Jersey.

**FACTS**

5. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between Newark, New Jersey and Port Jervis, New York.

1

6. At the time the plaintiff received the injuries complained of, she was employed by the defendant Railroad as an electrician.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about November 19, 2013, the plaintiff was engaged in her duties as an electrician at the Port Jervis Yard using equipment that was owned and/or operated and/or controlled and/or maintained by the defendant corporation or its agents.

9. At the Port Jervis Yard, New Jersey Transit requires electricians to repeatedly plug and unplug heavy 100 pound jumper cables on passenger train locomotives and cars. Those cables were fabricated by New Jersey Transit itself, but instead of using the 4.0 size wire used on the trains it used 250 MCM wire, which is three times larger and much thicker. As a result, those jumper cables were unnecessarily bulky and heavy.

10. To perform the task with those cables, an electrician has to singlehandedly lift the jumper cables from a metal box, pull them out, drag them to where they need to be installed, and then struggle to push them into the socket receptacle. Due to the unnecessarily heavy and unwieldy nature of those jumper cables, prior to November 19, 2013, other electricians had complained about and actually been injured while attempting to manipulate those cables. General Foreman Edward Gally was aware of those prior complaints and injuries, and prior to November 19, 2013 New Jersey Transit had obtained lighter cables for electricians to use and actually had those lighter cables present at the Port Jervis Yard. However, as of November 19, 2013, New Jersey Transit had failed to make those lighter cables available for use by electricians, forcing electricians to continue using the heavy cables.

11. During her regular 6 PM to 2 AM shift beginning on November 18, 2013, Reyes manipulated and plugged in seven of the 100 pound jumpers into her assigned trains in Port Jervis Yard. Then at 2 AM on November 19th she was ordered to do four hours of forced overtime due to a lack of the usual electricians to cover the next shift. As a result, she had to unplug another four of the jumper cables and plug in an additional seven jumpers. At about 3:45 AM, as she was pulling on the next to last jumper while attempting to unplug it,

2

she felt a snap in her right shoulder and some pain. She informed her General Foreman of the incident, and he asked her if she wanted medical attention. Thinking it was a strain that would resolve on its own, she declined at that time and did not file a paper report.

12. The plaintiff remained at the Port Jervis Yard until 6 AM. However, the pain in her shoulder did not go away and at 8 AM her adult son took her to the Bon Secours Hospital Emergency Room. She then came under the care of orthopedist Dr. Thomas Piscerchia, and subsequently underwent medical treatment for a right rotator cuff tear, including multiple surgeries.

## AS AND FOR A FIRST CAUSE OF ACTION

13. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 12 of this Complaint with the same force and effect as if set forth under this cause of action.

14. The defendant Railroad, its agents, servants, and employees were negligent for: failing to provide electricians with safe and suitable jumper cables to perform their tasks at Port Jervis Yard; failing to put into service the light jumper cables obtained after employees complained of the unnecessarily heavy jumpers that had injured other employees; failing to provide the usual level of manpower and assistance to perform electrician tasks at Port Jervis Yard; failing to provide safe and suitable equipment and procedures for electricians in Port Jervis Yard; failing to provide proper supervision and oversight to ensure the safe performance of electrician tasks at Port Jervis Yard; and otherwise failing to act in a reasonably prudent manner under the facts and circumstances surrounding the incident.

15. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, the plaintiff was injured, including suffering a torn right rotator cuff requiring surgery and significant lost time from work, with all the attendant emotional distress and disruption to her life.

16. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, the plaintiff was injured.

17. As a result of those injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, and mental anguish.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for money damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

By her attorneys,

By: _____
MARC WIETZKE

Flynn & Wietzke, P.C.
1205 Franklin Avenue, Suite 370
Garden City, NY 11530
Telephone:  (516) 877-1234
Fax:  (516) 877-1177
E-Mail:  MWietzke@FELAattorney.com


And by pro hac vice:

Charles C. Goetsch [CG9082]
Charles Goetsch Law Offices LLC
405 Orange St.
New Haven, CT 06511
203-672-1370 office
203-776-3965 fax
charlie@gowhistleblower.com

Stephen J. Fitzgerald
GARRISON, LEVIN-EPSTEIN, RICHARDSON,
FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT  06511
Tel.:  (203) 777-4425 / Fax:  (203) 776-3965
E-Mail:  sfitzgerald@garrisonlaw.com